# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued May 13, 2008    Decided June 27, 2008

No. 06-3090

UNITED STATES OF AMERICA,
APPELLEE

v.

TARIK SETTLES,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 05cr00059-01)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellants. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Muyiwa Bamiduro*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III* and *Florence Pan*, Assistant U.S. Attorneys.

Before: GINSBURG, BROWN, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: A jury convicted Tarik Settles of unlawfully possessing a firearm and ammunition as a convicted felon. *See* 18 U.S.C. § 922(g)(1). The District Court sentenced Settles to 57 months of imprisonment followed by three years of supervised release. Settles appeals his sentence, arguing that the District Court (i) unconstitutionally relied on acquitted conduct in determining the appropriate sentence and (ii) committed procedural error under the Supreme Court's *Booker* line of cases by presuming that a sentence within the advisory Sentencing Guidelines range was reasonable. Because our precedents establish that a sentencing court may consider acquitted conduct at sentencing, and because the District Court here did not impermissibly apply a presumption of reasonableness to a within-Guidelines sentence, we affirm.

I

The jury convicted Tarik Settles of one count of unlawful possession of a firearm and ammunition by a convicted felon, but it acquitted him of possession with intent to distribute cocaine and of using or carrying a firearm during a drug-trafficking offense. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii); 18 U.S.C. § 924(c).

The statutory maximum for Settles's felon-in-possession conviction was 10 years. *See* 18 U.S.C. § 924(a)(2). Under the advisory U.S. Sentencing Guidelines, Settles's Guidelines range for the felon-in-possession conviction was 37 to 46

months of imprisonment.  *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A); U.S.S.G. ch. 5, pt. A.

The probation office's presentence investigation report recommended an enhancement for conduct of which the jury had acquitted Settles: using or possessing a firearm in connection with possessing with intent to distribute cocaine. *See* § 2K2.1(b)(6).  As a result of that enhancement, the adjusted Guidelines range was 57 to 71 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A.

After hearing arguments from the parties, the District Court agreed with the probation office and found that the Government had proved by a preponderance of the evidence that Settles had possessed the gun in connection with possessing with intent to distribute cocaine.  Therefore, the District Court found the advisory Guidelines sentencing range to be 57 to 71 months.  The District Court then considered the sentencing factors in 18 U.S.C. § 3553(a), heard defense counsel's arguments regarding those factors, and listened to Settles's request for leniency.  The District Court ultimately sentenced Settles to 57 months in prison followed by three years of supervised release.

II

On appeal, Settles argues that the District Court's upward adjustment to his base offense level under the advisory Guidelines violated his Fifth and Sixth Amendment rights because the adjustment was based on conduct of which he had been acquitted.  He also argues that the District Court committed procedural error under the *Booker* line of cases by treating the Guidelines range of 57 to 71 months as presumptively reasonable.

The Supreme Court recently set forth the limited role of appeals courts in reviewing sentences: We review a sentence under an abuse of discretion standard, ensuring both that the District Court did not commit a "significant procedural error" and that the sentence is substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In assessing procedural compliance, we ensure that the District Court did not: incorrectly calculate the advisory Guidelines range, fail to consider the § 3553(a) factors, rely on clearly erroneous facts, treat the advisory Guidelines as mandatory, or fail to explain the chosen sentence and any deviation from the advisory Guidelines range. *Id.*

A

Settles argues that the District Court violated the Fifth and Sixth Amendments to the Constitution by considering conduct of which he had been acquitted in calculating the advisory Guidelines range and determining his sentence. Settles contends in particular that the District Court's reliance on acquitted conduct increased his advisory Guidelines range from 37-46 months to 57-71 months and that the District Court took that acquitted conduct into account in imposing a sentence within the advisory Guidelines range. As Settles concedes, however, long-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction. *See United States v. Watts,* 519 U.S. 148, 156-57 (1997); *United States v. Brown*, 516 F.3d 1047, 1050-51 (D.C. Cir. 2008); *United States v. Dorcely*, 454 F.3d 366, 371 (D.C. Cir. 2006); *United States v. Boney*, 977 F.2d 624, 636 (D.C. Cir. 1992); *see also Williams v. New York*, 337 U.S.

241, 247 (1949). Under those cases, there is no Fifth Amendment due process problem with this long-standing sentencing practice. As to the Sixth Amendment, moreover, the District Court's reliance on acquitted conduct in calculating the Guidelines range no longer poses a problem because the post-*Booker* Guidelines are only advisory. For Sixth Amendment purposes, the relevant upper sentencing limit established by the jury's finding of guilt is thus the *statutory* maximum, not the advisory Guidelines maximum corresponding to the base offense level. And the Supreme Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *United States v. Booker*, 543 U.S. 220, 233 (2005). In short, because the conduct in question was proved by a preponderance of the evidence and because Settles's sentence did not exceed the statutory maximum of 10 years, the District Court's consideration of acquitted conduct in sentencing him did not violate the Fifth or Sixth Amendment.

To be sure, we understand why defendants find it unfair for district courts to rely on acquitted conduct when imposing a sentence; and we know that defendants find it unfair even when acquitted conduct is used only to calculate an advisory Guidelines range because most district judges still give significant weight to the advisory Guidelines when imposing a sentence. At his sentencing, Settles himself cogently explained the point directly to the court: "I just feel as though, you know, that that's not right. That I should get punished for something that the jury and my peers, they found me not guilty." May 19 Tr. at 29. Many judges and commentators have similarly argued that using acquitted conduct to increase a defendant's sentence undermines respect for the law and the jury system. *See, e.g.*, *Watts*, 519 U.S. at 170 (Kennedy, J., dissenting) ("At the least it ought to be said that to increase a sentence based on conduct

underlying a charge for which the defendant was acquitted does raise concerns about undercutting the verdict of acquittal . . . ."); *United States v. Baylor*, 97 F.3d 542, 549-51 (D.C. Cir. 1996) (Wald, J., concurring specially).

For those reasons, Congress or the Sentencing Commission certainly could conclude as a policy matter that sentencing courts may not rely on acquitted conduct. But under binding precedent, the Constitution does not prohibit a sentencing court from relying on acquitted conduct.

That said, even though district judges are not *required* to discount acquitted conduct, the *Booker-Rita-Kimbrough-Gall* line of cases may *allow* district judges to discount acquitted conduct in particular cases – that is, to vary downward from the advisory Guidelines range when the district judges do not find the use of acquitted conduct appropriate. *Cf. Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007) ("The Government acknowledges . . . that, as a general matter, courts may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines.") (internal quotation marks and alteration omitted). Because the District Court here chose not to vary below the advisory Guidelines range, however, we need not and do not decide that question.

B

Settles correctly argues that a "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). At the outset, we recognize the surface incongruity of a system in which district courts cannot apply a presumption of reasonableness to a within-Guidelines sentence, while appellate courts can and do apply a

presumption of reasonableness to a within-Guidelines sentence. *See id.*; *Dorcely*, 454 F.3d at 376 ("[A] sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness" on appeal.). In any event, the District Court in this case applied no such presumption. Rather, the court arrived at Settles's within-Guidelines sentence only after it had reviewed the presentence investigation report; properly calculated the advisory Guidelines range; and considered the § 3553(a) sentencing factors, the parties' arguments, and Settles's plea for leniency.

Settles relies on two of the District Court's statements to argue that the court inappropriately applied a presumption of reasonableness to the advisory Guidelines range.

First, after properly calculating the advisory Guidelines range, the District Court stated that it would "[t]hen . . . turn to 3553" and consider "whether there are other factors here that would suggest that the Court should administer or impose a lesser sentence." May 19 Tr. at 34. Settles takes those unremarkable statements to show the District Court's belief that the advisory Guidelines created a presumptively correct sentencing range that "then" had to be overcome by other factors to justify a variance. But the court said nothing of the sort. Rather, it merely took the advisory Guidelines range as a "starting point" and "then considered whether the § 3553(a) factors warrant a sentence either within or outside this range." *United States v. Lawson*, 494 F.3d 1046, 1058 (D.C. Cir. 2007).

Second, after hearing the parties' sentencing arguments, the court concluded as follows: "I can't find in your situation a basis to . . . depart downward from the guidelines which *I think* under the law is a *reasonable* one which brings me out to the bottom of the guidelines." May 19 Tr. at 41 (emphases

added). That statement does not suggest that the District Court applied a *presumption* of reasonableness to the advisory Guidelines range that Settles had to overcome. Rather, the court's statement that it "think[s]" the range is "reasonable" demonstrates the court's independent judgment that a within-Guidelines sentence in this case was reasonable and appropriate. *See Gall*, 128 S. Ct. at 596-97.

\* \* \*

We affirm the District Court's judgment.

*So ordered.*