JUDGMENT

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full con *890 sideration and has determined that they do not warrant a published opinion. For the reasons presented in the accompanying memorandum opinion, it is
ORDERED AND ADJUDGED that the judgment of the district court be affirmed.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

MEMORANDUM

Appellant challenges his sentence for child pornography offenses on procedural and substantive grounds. He contends that the district court plainly erred by presuming that the Sentencing Guidelines provided the correct sentence unless the defendant proved otherwise and by failing to adequately consider the over-representation of appellant’s criminal history.
First, the record shows that the district court determined the applicable Sentencing Guidelines range, carefully considered the factors under 18 U.S.C. § 3553(a), and irrebuttably “ma[de] an individualized assessment based on the facts presented.” Gall v. United States, — U.S. -, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); see Sentencing Tr. 58-60, 67-70, Aug. 30, 2006. Nevertheless appellant contends that the district court plainly erred under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny, because ten months earlier at the plea hearing the district court mistakenly suggested that a defendant bears the burden of explaining why a sentence within the Guidelines range should not be imposed. See Plea Tr. 22, Oct. 14, 2005.
There is no indication that at sentencing the district court imposed such a burden on the defense or treated the Guidelines range as presumptively reasonable. Rather, the district judge determined the applicable Guidelines range and then exercised his independent judgment as to whether a sentence within that range was appropriate given the circumstances in appellant’s case. Although appellant points out that at sentencing the judge did not expressly disclaim his prior statement, Oral Arg. 4:38-4:40, and stated that the Guidelines remain an important part of sentencing, Sentencing Tr. 19, this is far too thin a reed for appellant to rely on to meet his burden of demonstrating plain error. See United States v. Williams, 488 F.3d 1004, 1008 (D.C.Cir.2007). Not only was the law unsettled regarding the weight to be accorded the Guidelines as a factor under § 3553(a) at the time of appellant’s sentencing, which preceded Gall, 128 S.Ct. at 596-97 and Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007), even at the plea hearing immediately prior to the single remark on which appellant focuses, the district court judge stated: “I do not think that the guideline sentence is necessarily always presumptively right, but it gives us parameters to look to.” Plea Tr. 22. Immediately after the challenged remark, the judge acknowledged that he did “have some discretion because the guidelines are advisory.” Id. In fact, at sentencing, the district court proceeded in the manner set forth in appellant’s own sentencing memorandum, which was filed after the plea hearing and reviewed by the district judge prior to imposing sentencing, see Sentencing Tr. 2. We find no procedural error in appellant’s sentencing. See United States v. Settles, 530 F.3d 920, 924-25 (D.C.Cir.2008).
Second, this court reviews a sentence for reasonableness in light of the *891 factors set forth in § 3553(a). See United States v. Law, 528 F.3d 888, 902 (D.C.Cir. 2008). A rebuttable presumption of reasonableness applies to sentences imposed ■within the correctly calculated Guidelines range. See United States v. Gardellini, 545 F.3d 1089, 1092 (D.C.Cir.2008) (citing Rita, 127 S.Ct. at 2468-69); United States v. Law, 528 F.3d 888, 902 (D.C.Cir.2008); United States v. Dorcely, 454 F.3d 366, 374 (D.C.Cir.2006). While conceding that the district court properly calculated the Guidelines range, appellant contends that his sentence was unreasonable because it did not adequately account for his limited blameworthiness for a fourteen-year old sodomy offense in Virginia that substantially increased the sentencing range by adding five criminal history points.
The district judge concluded that the offense level under the Guidelines probably understated the seriousness of the offenses for which appellant was being sentenced given the extent of his pornography enterprise and evidence that his sexual compulsion had led him to fantasize about and even plan the violent sexual assault of children. Sentencing Tr. 58-59. The district court emphasized the need for deterrence, noting appellant’s possession of nearly 11,000 illicit images, which dwarfed the “huge number” — 600—accounted for by the Sentencing Guidelines enhancement, the resulting “thousands of victims,” and that the crime itself, which involved “creating and expanding the marketplace” for pornographic images of children was “terribly dangerous.” Id. at 68. In the view of the district judge, “[t]he masochistic, sadistic, violent stuff to prepubescent children ... argue for a very severe and significant sentence.” Id. Consistent with the deference that this court must accord to “reasoned and reasonable” sentencing decisions, see Gall, 128 S.Ct. at 602, appellant fails to show that the district court erred in denying his request for a downward departure under U.S.S.G. § 4A1.3 or that his within Guidelines sentence, which was to run concurrently to his reimposed Virginia sentence assuring he could receive federal sexual offender treatment while in prison, Sentencing Tr. 70-71, was unreasonable.
Accordingly, we affirm the judgment of the district court.