JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the foregoing, it is
ORDERED AND ADJUDGED that the judgment of the district court be affirmed.
A jury found Sorenson O. Oruche guilty of five counts dealing with his possession and distribution of heroin during a ten-month period between 2000 and 2001. The jury failed to reach a verdict on the four remaining counts. The district court granted Oruche’s post-trial motion for a new trial; we reversed and remanded. See United States v. Oruche, 484 F.3d 590, 601 (D.C.Cir.2007). On remand, the district court granted Oruche’s motion for judgment of acquittal on his conviction for conspiracy to possess with intent to distribute and to distribute 1,000 grams or more of heroin, see 21 U.S.C. § 846; id. § 841(a)(1), (b)(1)(A)®. The court found that the government’s evidence at trial established at most Oruche’s involvement in two separate conspiracies to possess and distribute heroin (one of which involved a government informant, which the government conceded foreclosed a finding of a conspiracy), rather than one overarching conspiracy as charged in the indictment. This variance prejudiced Oruche because the evidence supported a conviction under § 846 involving 1,000 grams of heroin only if both conspiracies were counted as one.
The district court sentenced Oruche to 145 months’ imprisonment on the remaining four counts. Under U.S.S.G. § 2Dl.l(c), the base offense level corresponds to the quantity of drugs involved in the offense. The government seized 608.48 grams of heroin, but the presen-tence report attributed another 3,687.1 grams to Oruche based on recorded telephone conversations and the testimony of two government informants. The district court thought that the jury’s implicit finding of 1,000 grams of heroin involved in the conspiracy count — which the court set aside — supported a sentence based on *580 1,000 grams of heroin.* Orache argues that the district court thereby violated his Sixth Amendment rights and the principles laid down by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
Booker reaffirmed that sentencing judges enjoy wide discretion in selecting a sentence within the statutory sentencing range. 543 U.S. at 233, 125 S.Ct. 738; see also id. at 259, 125 S.Ct. 738. Oruche’s two convictions for unlawful distribution of 100 grams or more of heroin — which he does not contest — subjected him to a statutory maximum of 40 years’ imprisonment (480 months); his 145-month sentence is well below that maximum. 21 U.S.C. § 841(a)(1), (b)(l)(B)(i). In addition, the law of the circuit is that a sentencing judge, in determining relevant conduct, may consider acquitted conduct. United States v. Settles, 530 F.3d 920, 923 (D.C.Cir.2008); United States v. Dorcely, 454 F.3d 366, 371 (D.C.Cir.2006). The district judge therefore did not err in holding Orache responsible for heroin involved in the offense for which he was ultimately acquitted.
In three sentences and a heading contained only in his reply brief, Orache contends that in relying on the factual finding inherent in the overturned verdict, the district court erred by failing to make its own factual finding about the amount of heroin for which Orache was responsible. This brief mention — unsupported by any authorities — not only came too late, see Rollins Envtl. Servs. (NJ) Inc. v. EPA, 937 F.2d 649, 652 n. 2 (D.C.Cir.1991); Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983); see also Fed. R.App. P. 28(a)(9), but also amounted to an objection not raised at sentencing.
In any event, the district court sufficiently indicated that it was making a factual finding that at least 1,000 grams of heroin were involved in Oruche’s schemes. At the May 16, 2008, hearing, the court stated that it could “reasonably say that at some point the Court will find that there was at least a thousand grams” involved. At the time, the court was mainly concerned with how much more than 1,000 grams should be attributed to Orache. At the May 28, 2008, hearing, the court also made clear that it “didn’t find that all of the [observation testimony was] incredible.” The court held Orache responsible for only one-fourth of the amount recommended by the presentence report and one-third of what the government advocated, further indicating that the court made its own sentencing finding. In exercising its wide discretion in setting a defendant’s sentence, nothing forbids a district court from placing heavy weight on factual findings inherent in a verdict that was overturned on unrelated legal grounds. Sufficient evidence supported a finding that at least 1,000 grams of heroin (or significantly more) were involved in Oruche’s offenses.
We have considered Oruche’s other arguments and find that the district court committed no reversible error.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

 In determining relevant conduct under the Guidelines, the sentencing court may aggregate any amount of heroin it finds was involved in any of Oruche’s offenses.