# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-10110
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOOKER BERNARD PRESTON,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-24-1

———————

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Booker Bernard Preston appeals the sentence imposed following his jury conviction for one count of selling a firearm to a prohibited person in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (Count Two) and one count of possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5845(a) (Count Three). Preston contends that the district court erred when it enhanced his sentence based on conduct for which he was acquitted by the jury. Specifically,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10110

he argues that the district court's use of acquitted conduct violated the Sixth Amendment and disserved the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). Preston acknowledges that his Sixth Amendment argument is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997), and that we have held that *Watts* remains valid after *United States v. Booker*, 543 U.S. 220 (2005). Nevertheless, he argues that a reevaluation of *Booker's* impact on *Watts* is necessary in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007).

A panel of this court may not overrule another panel's decision without en banc reconsideration or a superseding contrary Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). *Apprendi* and *Blakely* were decided prior to *Booker*. Moreover, we have repeatedly held that *Watts* remains valid after *Booker*, *see United States v. Jackson*, 596 F.3d 236, 243 n.4 (5th Cir. 2010); *United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006), and the Supreme Court has not held otherwise. *See Cunningham*, 549 U.S. at 274-94.

To the extent Preston argues that the district court's consideration of acquitted conduct rendered his sentence substantively unreasonable, his argument is likewise unavailing. The record reflects that the district court considered Preston's arguments against the use of acquitted conduct, as well as the applicable guidelines range and § 3553(a) factors. Noting that he was probably "sort of a small-time operator," the district court reasoned that a sentence within the guidelines range was not appropriate. Instead, the district court concluded that a below guidelines sentence of concurrent terms of 120 months of imprisonment on Counts Two and Three adequately and appropriately addressed the § 3553(a) factors. Therefore, Preston has failed to

show that the district court erred when it enhanced his sentence based on conduct for which he was acquitted by the jury. *See Watts*, 519 U.S. at 157; *Farias*, 469 F.3d at 399.

Preston also contends that the district court clearly erred when it enhanced his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because his testimony did not amount to perjury. According to Preston, his testimony that he bought and sold numerous firearms over the years as a hobby, rather than a business, was supported by the evidence and the jury's verdict on Count One. He also argues that he admitted selling a firearm to a confidential informant (CI) who claimed to be a convicted felon and, thus, his testimony regarding whether he subjectively believed that the CI was a convicted felon was not material to the verdict.

The district court's determination that the obstruction of justice enhancement was warranted is plausible in light of the record as a whole. *See United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999). Special Agent Travis Riddle of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that transaction logs found following a search of Preston's home showed that Preston purchased and sold 200 firearms over the course of 14 years. Forty-one of those firearms were purchased in 2009, and 90 were purchased between January and November of 2010. Based on entries which included the dates and prices of the various transactions, approximately 50% of the firearms were re-sold within 30 days of their purchase, and Preston made an average profit of 45% from each sale. Preston's profit during this 14-year period was approximately $3,000. Preston denied that he was buying and selling firearms to make a profit. Instead, he testified that he was doing so as a hobby and that he would use the money he made to buy ammunition and additional firearms. Although Preston's buying and selling of firearms may

not have been as profitable as he would have liked, the record reflects that he was doing so to make a profit and that he testified falsely on this material issue. Further, although Preston admitted that the CI told him he was a convicted felon, Preston testified that he believed the CI was "BSing" him because "from [his] experience from being in collections and dealing with tow truck companies, [he] didn't think they could hire felons." Preston's testimony on this issue was designed to influence or affect the jury's verdict on Count Two. *See United States v. Como*, 53 F.3d 87, 90 (5th Cir. 1995). Finally, Preston's challenge to the sufficiency of the district court's factual findings on this issue is both inadequately briefed and belied by the record. Therefore, the district court did not clearly err when it enhanced Preston's offense level pursuant to § 3C1.1. *See Powers*, 168 F.3d at 752.

AFFIRMED.