*927
ORDER

PER CURIAM.
Upon consideration of the petitions of appellant Bell in No. 08-3037 and appellant Wilson in No.. 11-3032 for rehearing en banc, the responses thereto, and the absence of a request by any member of the court for a vote, it is
ORDERED that the petitions be denied.
KAVANAUGH, Circuit Judge, concurring in the denial of rehearing en banc:
Judge Millett’s thoughtful concurrence in the denial of rehearing en banc highlights one of the oddities of sentencing law that has long existed and that remains after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). I write separately to underscore that the problem identified by Judge Millett may be addressed by individual district judges at sentencing.
Here’s the issue: Based on a defendant’s conduct apart from the conduct encompassed by the offense of conviction — in other words, based on a defendant’s uncharged or acquitted conduct — a judge may impose a sentence higher than the sentence the judge would have imposed absent consideration of that uncharged or acquitted conduct. The judge may do so as long as the factual finding regarding that conduct does not increase the statutory sentencing range for the offense of conviction alone. The Sixth Amendment’s Jury Trial Clause is deemed satisfied because the judge’s factual finding does not increase the statutory sentencing range established by the jury’s finding of guilt on the offense of conviction. See Booker, 543 U.S. at 267, 125 S.Ct. 738 (remedial opinion). And the Fifth Amendment’s Due Process Clause is deemed satisfied because a judge finds the relevant conduct in a traditional adversarial procedure. See McMillan v. Pennsylvania, 477 U.S. 79, 91-93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
Judge Millett cogently expresses her concern about sentencing judges’ reliance on acquitted conduct at sentencing. Even though the Sentencing Guidelines are now advisory, rather than mandatory, she advocates barring consideration of acquitted conduct in calculating the advisory Guidelines offense level.
I share Judge Millett’s overarching concern about the use of acquitted conduct at sentencing, as I have written before. See, e.g., United States v. Settles, 530 F.3d 920, 923-24 (D.C.Cir.2008); see also United States v. Henry, 472 F.3d 910, 918-22 (D.C.Cir.2007) (Kavanaugh, J., concurring). Of course, resolving that concern as a constitutional matter would likely require a significant revamp of criminal sentencing jurisprudence — a revamp that the Supreme Court lurched toward in cases such as Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but backed away from in its remedial opinion in Booker.
Taken to its logical conclusion, the Blakely approach would require a jury to find beyond a reasonable doubt the conduct used to set or increase a defendant’s sentence, at least in structured or guided-discretion sentencing regimes. A judge could not rely on acquitted conduct to increase a sentence, even if the judge found *928 the conduct proved by a preponderance of the evidence. A judge likewise could not rely on uncharged conduct to increase a sentence, even if the judge found the conduct proved by a preponderance of the evidence.
At least as a matter of policy, if not also as a matter of constitutional law, I would have little problem with a new federal sentencing regime along those lines. Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial. If you have a right to have a jury find beyond a reasonable doubt the facts that make you guilty, and if you otherwise would receive, for example, a five-year sentence, why don’t you have a right to have a jury find beyond a reasonable doubt the facts that increase that five-year sentence to, say, a 20-year sentence? Cf. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
But that would be a constitutional rule far different from the one we now have or have historically had. As the Supreme Court has said many times: “We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.” Booker, 543 U.S. at 233, 125 S.Ct. 738; see also Williams v. New York, 337 U.S. 241, 246-52, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). To quote a recent case: “While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that element of sentencing.... We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.” Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2161 n. 2, 2163, 186 L.Ed.2d 314 (2013).
Given the Supreme Court’s case law, it likely will take some combination of Congress and the Sentencing Commission to systematically change federal sentencing to preclude use of acquitted or uncharged conduct.
Importantly, however, even in the absence of a change of course by the Supreme Court, or action by Congress or the Sentencing Commission, federal district judges have power in individual cases to disclaim reliance on acquitted or uncharged conduct. To be sure, when calculating the advisory Guidelines range, district judges may have to factor in relevant conduct, including acquitted or uncharged conduct. But those Guidelines are only advisory, as the Supreme Court has emphasized. So district judges may then vary the sentence downward to avoid basing any part of the ultimate sentence on acquitted or uncharged conduct. In other words, individual district judges possess the authority to address the concern articulated by Judge Millett. See generally Rita v. United States, 551 U.S. 338, 350-56, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); Gall v. United States, 552 U.S. 38, 49-50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); Kimbrough v. United States, 552 U.S. 85, 108-10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); United States v. White, 551 F.3d 381, 386 (6th Cir.2008); cf. United States v. Gardellini, 545 F.3d 1089, 1091-97 (D.C.Cir.2008). In my view, district judges would do well to heed Judge Millett’s concern in appropriate cases.