Millett, Circuit Judge, concurring:
I write separately to express my continued opposition to the use of conduct for which a defendant was acquitted to increase the length of that person's sentence. It stands our criminal justice system on its head to hold that even a single extra day of imprisonment can be imposed for a crime that the jury says the defendant did not commit. See United States v. Brown , 892 F.3d 385, 408-409 (D.C. Cir. 2018) (Millett, J., concurring); United States v. Bell , 808 F.3d 926, 928-932 (D.C. Cir. 2015) (Millett, J., concurring in the denial of rehearing en banc); see also id. at 928 (Kavanaugh, J., concurring) ("Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial. If you have a right to have a jury find beyond a reasonable doubt the facts that make you guilty, and if you otherwise would receive, for example, a five-year sentence, why don't you have a right to have a jury find beyond a reasonable doubt the facts that increase that five-year sentence to, say, a 20-year sentence?").
I nonetheless concur because circuit precedent forecloses this panel from righting this grave constitutional wrong. See United States v. Bell , 795 F.3d 88, 102-103 (D.C. Cir. 2015). In addition, the district court's consideration of acquitted conduct made no difference to the base offense level in this case. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (U.S. Sentencing Comm'n 2016) (providing a base offense level of 34 for 10 to 30 kilograms of heroin). Had the district court declined to consider the four kilograms of heroin that Bagcho was acquitted of distributing, the remaining amount still would have fallen within the range for which a base offense level of 34 applies. Id .; see also Bell , 808 F.3d at 928 (Kavanaugh, J., concurring) ("[F]ederal district judges have power in individual cases to disclaim reliance on acquitted or uncharged conduct.").