# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 21-50219
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GARY PAUL KARR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:99-CR-274-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Gary Paul Karr received a five-count indictment for his role in the deaths of Madalyn Murray O'Hair, Robin Murray O'Hair, and Danny Fry. While the jury convicted Karr on four of the five counts, it acquitted him of conspiracy to kidnap. And most importantly for this appeal, the jury found

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50219

that his conduct underlying Count 3—traveling in interstate commerce to commit a crime of violence—did not result in the death of another person. At resentencing however, the district court applied § 2B3.1(c) of the Sentencing Guidelines, which cross-references the offense guideline for murder, U.S.S.G. § 2A1.1. The district court held that a preponderance of the evidence showed that Karr committed murder. To reach this holding, the district court relied in part on a 20-year-old out-of-court statement by Karr's now-deceased co-conspirator, David Waters.

Karr argues that the district court erred in applying § 2B3.1(c) for two reasons. First, he argues that this was unconstitutional because it relied on acquitted conduct. The jury had acquitted him of conduct resulting in the death of another person, which he argues cannot be reconciled with the district court's application of the murder guideline. Karr argues that it violates the Fifth and Sixth Amendments to consider acquitted conduct at sentencing. However, Karr concedes that this argument is foreclosed by the Supreme Court's holding in *United States v. Watts*, 519 U.S. 148, 156–57 (1997), and this court's holdings in *United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006) and *United States v. Preston*, 544 F. App'x 527, 528 (5th Cir. 2013) (per curiam). Karr merely wishes to preserve the issue for further review.[1]

---

[1] Distinguished jurists have called *Watts* into question. *See, e.g.*, *United States v. Jones*, 135 S. Ct. 8, 8–9 (2014) (Scalia, J., joined by Thomas, J., and Ginsberg, J., dissenting from denial of certiorari) (encouraging the Court to decide whether the Due Process Clause and the Sixth Amendment's jury trial right permit judges to sentence defendants based on uncharged or acquitted conduct); *United States v. Sabillon-Umana*, 772 F.3d 1328 (10th Cir. 2014) (Gorsuch, J., majority) (citing Justice Scalia's dissent in *Jones*); *United States v. Bell*, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring in denial of rehearing en banc) ("Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial.").

2

No. 21-50219

Additionally, Karr argues that the district court erred by relying on Waters's statement, which was unreliable because Waters was more culpable and had an incentive to inculpate Karr to secure a more favorable plea agreement. The district court only had to find that § 2B3.1(c) applied based on "a preponderance of the relevant and sufficiently reliable evidence"—not beyond a reasonable doubt. *United States v. Barfield*, 941 F.3d 757, 762 (5th Cir. 2019). The district court concluded that even disregarding Waters's statement, other evidence in the record supported application of U.S.S.G. § 2B3.1(c). Karr only objects to the district court's reliance on Waters's statement and failed to challenge the sufficiency of the other information the district court relied on. Because Karr abandoned any objection to the district court's alternative bases for applying § 2B3.1(c), he would not be entitled to the relief he seeks even if he is right that Waters's statement was unreliable. *See United States v. Elashyi*, 554 F.3d 480, 494 n.6 (5th Cir. 2008).

AFFIRMED.

---

Karr argues that *Watts* never actually decided whether relying on acquitted or uncharged conduct violates the Fifth and Sixth Amendments. Instead, Karr argues that *Watts* focused only on whether the sentencing guidelines and applicable statutes allowed district courts to do so. Nevertheless, as Karr concedes, our court has held that *Watts* also bars challenges based on the Fifth and Sixth Amendments. *See Farias*, 469 F.3d at 399; *Preston*, 544 F. App'x at 528.