**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERICH DEOLAX RIKER,

    Defendant - Appellant.

No. 21-2072
(D.C. No. 1:20-CR-01220-KWR-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant pleaded guilty to one count of failing to register as a sex offender.

Finding by a preponderance of the evidence that Defendant committed a sex offense

against a minor while in failure-to-register status, the district court increased Defendant's

sentencing-guidelines base offense level by eight points and sentenced Defendant to

eighty-seven months' imprisonment. Defendant argues that the district court's factual

finding violated the Fifth and Sixth Amendments to the United States Constitution. But

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as Defendant concedes, our precedent forecloses this argument.  Thus, we exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

## I.

Defendant has three prior convictions for criminal sexual misconduct against minors, and the Sex Offender Registration and Notification Act requires him to register as a sex offender for life.  34 U.S.C. § 20913.  After receiving a conviction for failure to register as a sex offender in Oregon, Defendant moved to New Mexico and again failed to register.  Rather than register, he told his girlfriend he was "on the run" and went by a different name.  With his identity as a sex offender concealed, he babysat an eight-year-old girl, who later accused him of sexually abusing her after showing her pornographic videos.  The State of New Mexico criminally charged Defendant but has yet to try him for this alleged conduct.

The United States charged Defendant with failure to register as a sex offender, and Defendant pleaded guilty.  At sentencing, the district court considered evidence of the alleged sexual offense against a minor underlying Defendant's pending state charges.  Finding by a preponderance of the evidence that Defendant committed the offense, the court applied United States Sentencing Guideline § 2A3.5(b)(1)(C), which provides for an eight-level increase to a defendant's base offense level when the defendant committed a sex offense against a minor while in failure-to-register status.  As a result, Defendant's offense level was 21, which combined with a category V criminal history provided a guideline imprisonment range of seventy to eighty-seven months' imprisonment.

Defendant objected to the district court's application of U.S.S.G. § 2A3.5(b)(1)(C), arguing that it amounted to impermissible judicial fact-finding in violation of the Fifth and Sixth Amendments. The district court overruled the objection and sentenced Defendant to eighty-seven months' imprisonment. Defendant appeals.

## II.

We review constitutional challenges to the sentencing guidelines de novo. United States v. McKneely, 69 F.3d 1067, 1078 (10th Cir. 1995). When a court sentences within a properly calculated guidelines range, we presume the sentence is reasonable. See United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013). Sometimes the guidelines call for sentence enhancements based on facts a jury did not find and the defendant did not admit. See United States v. Magallanez, 408 F.3d 672, 684–85 (10th Cir. 2005). A sentencing court applies a preponderance-of-the-evidence standard when evaluating such facts to determine whether a sentence enhancement applies. See id. A court may even consider conduct underlying an acquitted charge so long as the government proves the conduct by the preponderance of the evidence. Id. No heightened standard of proof exists at sentencing for contested facts. See United States v. Robertson, 946 F.3d 1168, 1171 (10th Cir. 2020).

## III.

Defendant asserts that the district court violated the Fifth and Sixth Amendments by applying U.S.S.G. § 2A3.5(b)(1)(C) based on the court's

3

preponderance-of-the-evidence finding that Defendant committed a sex offense against a minor although the government has yet to try him.  Defendant relies on views expressed by individual Supreme Court justices in separate opinions to support the argument that when a sentence is substantively reasonable only because of a specific factual finding, a jury must find that fact beyond a reasonable doubt.  See Jones v. United States, 574 U.S. 948, 948 (2014) (Scalia, J., dissenting); see also Rita v. United States, 551 U.S. 338, 372 (2007) (Scalia, J., concurring); see also United States v. Bell, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring).  In other words, Defendant argues that without the district court's finding that he committed a sexual offense against a minor while in failure-to-register status, his eighty-seven-month sentence would be substantively unreasonable.  Thus, Defendant argues that the Fifth and Sixth Amendments require that the government prove that conduct to a jury beyond a reasonable doubt before a sentencing court can consider it.

As Defendant concedes, our precedent forecloses his argument.  We have held that the Constitution does not prohibit a district court from applying the sentencing guidelines based on facts the court finds by a preponderance of the evidence—even if the sentence would be substantively unreasonable without the finding.  See United States v. Stein, 985 F.3d 1254, 1266 (10th Cir.); See also Magallanez, 408 F.3d at 684–85.  The sentencing court properly applied a preponderance-of-the-evidence standard when evaluating the evidence of Defendant's alleged sex offense against a minor.  Section 2A3.5(b)(1)(C) advises courts to add eight points to a defendant's base

4

offense level when they find that a defendant sex offender "committed" a sex offense against a minor while unregistered. The court found that the child's allegations were corroborated, reliable, and credible, meeting the preponderance of the evidence standard, and properly applied the eight-level increase. The district court then appropriately sentenced Defendant within the corresponding guideline range.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge