21-1674
United States of America v. Tapia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-three.

PRESENT:
    MYRNA PÉREZ,
    ALISON J. NATHAN,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

United States of America,

                              *Appellee*,

            v.                                          No. 21-1674

Joel Tapia, AKA Emelio Vasquez,

                *Defendant-Appellant.*\*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Margaret Graham, Olga I. Zverovich, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

**FOR DEFENDANT-APPELLANT:**     Joel Tapia, *pro se*, Fort Dix, NJ, Jamesa J. Drake, Drake Law, LLC, Auburn, ME.

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, Kimba M., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Joel Tapia was found guilty of conspiring to distribute and possess with intent to distribute: (i) heroin, in an amount of at least 100 grams but less than one kilogram; (ii) cocaine, in an amount of at least five kilograms; and (iii) cocaine base, also known as crack or crack cocaine, in an amount less than 28 grams, in violation of 21 U.S.C. §§ 846 and 841(b)(1).[1]  At sentencing, the district court calculated Tapia's offense level under the Sentencing Guidelines, finding by a preponderance of the evidence that Tapia was responsible for: (i) one kilogram or more of heroin; (ii) seven kilograms or more of cocaine; and (iii) 280 grams or more of cocaine base.  The district court sentenced Tapia to 188 months' imprisonment and five years of supervised release.  Tapia, represented by counsel, appeals his sentence and the district court's reliance on conduct for which he was acquitted.  Separately, Tapia, proceeding pro se, appeals his conviction, asserting that the jury instructions were erroneous.  We address each claim in turn and affirm both Tapia's sentence and conviction.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] The district court instructed the jury that their "finding or findings, if any, must be unanimous. By way of example, if you unanimously agree that the government proved beyond a reasonable doubt that the conspiracy involved some quantity of heroin, but you do not unanimously agree on the quantity involved, enter on the verdict sheet the greatest quantity as to which there is unanimous agreement."  Trial Transcript at 907–08, *United States v. Guillen (Tapia)*, No. 1:17-cr-00512-KMW-5 (S.D.N.Y. July 3, 2019), ECF No. 479.

## I. Discussion

### A. Tapia's Counseled Challenge to the District Court's Consideration of Acquitted Conduct at Sentencing

Longstanding precedent establishes that a court may consider acquitted conduct to determine sentencing. Nonetheless, Tapia contends that the district court's consideration of acquitted conduct to determine his sentence violated his Fifth Amendment right to due process and Sixth Amendment right to a jury trial. During Tapia's trial, the jury was asked to determine the type and quantity of drugs involved in the conspiracy. As to each type, three quantity ranges were provided. Tapia asserts that in selecting quantities, the jury acquitted him of conduct involving any higher amounts that were left blank on the verdict form. Therefore, according to Tapia, the district court effectively nullified the jury's verdict when it found that Tapia was responsible for quantities of drugs greater than the jury found, then used those higher amounts to calculate Tapia's offense level under the Sentencing Guidelines. Given the breadth of Supreme Court and Second Circuit cases rejecting the same claims Tapia makes here, this argument fails.

It is well recognized that even when a jury finds that a charged offense has not been proven beyond a reasonable doubt, the sentencing court may treat the acquitted conduct as relevant to sentencing so long as it has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 155–57 (1997) (emphasizing "the significance of the different standards of proof that govern at trial and sentencing"); *see also United States v. Vaughn*, 430 F.3d 518, 525–27 (2d Cir. 2005); U.S. Sent'g Guidelines Manual § 1B1.3 & application note 1 (directing sentencing courts to consider relevant conduct in determining the applicable guideline range and explaining that "[t]he principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability"). Thus, in certain circumstances, a sentencing court may find that conduct involved a greater quantity of drugs than

the amount that formed the basis for the jury's conviction. *United States v. Tang Yuk*, 885 F.3d 57, 76 (2d Cir. 2018); *United States v. Delva*, 858 F.3d 135, 160 (2d Cir. 2017) (recognizing that "the quantum of proof required for a verdict of guilt is higher than the quantum required for sentencing"). Considering that, in this context, binding precedent provides that the use of acquitted conduct at sentencing does not violate the Fifth or Sixth Amendments, we cannot say that the district court erred here.[2]

We also reject Tapia's argument that the district court miscalculated the applicable Guidelines range by relying on drug quantity findings that were not supported by a preponderance of the evidence. "The Guidelines sentencing range for a convicted member of a conspiracy to possess or distribute narcotics depends on the quantity of drugs involved." *Tang Yuk*, 885 F.3d at 76; *see* U.S.S.G. § 2D1.1(c). "To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) (internal quotation marks omitted). "We review a district court's factual finding with respect to drug quantity for clear error, bearing in mind that the judge who presided over the trial or over

[2] While we are bound by precedent in deciding the case before us, we note that several justices and judges have presented a strong case for reconsidering the use of acquitted conduct to determine sentencing. *See, e.g.*, *Jones v. United States*, 574 U.S. 948, 948 (2014) (Scalia, J., joined by Ginsburg & Thomas, JJ., dissenting from denial of certiorari) ("It unavoidably follows [from existing precedent] that any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury. It *may not* be found by a judge."); *United States v. Mercado*, 474 F.3d 654, 664 (9th Cir. 2007) (Fletcher, J., dissenting) ("In the case of acquitted conduct, the jury has been given the opportunity to authorize punishment and specifically withheld it. . . . By allowing judges to consider conduct rejected by the jury, the court allows the jury's role to be circumvented by the prosecutor and usurped by the judge—two of the primary entities against whom the jury is supposed to protect the defendant."); *United States v. Canania*, 532 F.3d 764, 777 (8th Cir. 2008) (Bright, J., concurring) (explaining that consideration of acquitted conduct undermines the goal of providing a defendant with "fair notice to know the precise effect a jury's verdict will have on his punishment"); *United States v. Sabillon-Umana*, 772 F.3d 1328, 1331 (10th Cir. 2014) (Gorsuch, J.) ("It is far from certain whether the Constitution allows" a judge to increase a defendant's sentence "based on facts the judge finds without the aid of a jury or the defendant's consent."); *United States v. Bell*, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring in denial of rehearing en banc) ("Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial."); *id.* at 929 (Millett, J., concurring in denial of rehearing en banc) ("[T]he time is ripe for the Supreme Court to resolve the contradictions in Sixth Amendment and sentencing precedent, and to do so in a manner that ensures that a jury's judgment of acquittal will safeguard liberty as certainly as a jury's judgment of conviction permits its deprivation.").

an evidentiary sentencing hearing is in the best position to assess the credibility of the witnesses, and her decisions as to what testimony to credit are entitled to substantial deference." *Tang Yuk*, 885 F.3d at 76 (internal quotation marks omitted).

During the sentencing hearing, the district court explained that its findings were based on three categories of evidence: (1) the testimony of Rafael Rivera, a cooperating witness;[3] (2) drug ledgers kept by Guillen; and (3) wiretap recordings. The district court's quantity findings are supported by the record. In particular, the district court's findings are supported by Rivera's testimony on the organization's procedures, prices, and sales, as well as his testimony regarding Tapia's preparing and distributing drugs, cooking quantities of crack cocaine exceeding 100 grams on more than one occasion, and receiving a delivery of 20 kilograms of cocaine. This testimony was corroborated by the drug ledgers and the wiretapped communications, which included recordings of Tapia himself discussing business. *See United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004) ("[A] sentencing court, like a jury, may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom."). In light of the totality of the evidence and the significant deference given to a trial court's credibility determinations, we conclude that the district court's findings were not clearly erroneous. *See Delva*, 858 F.3d at 160 ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous[.]" (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))).

---

[3] In the proceedings against Gabriel Guillen, Tapia's brother, co-defendant, and the leader of the drug trafficking organization, the district court held a *Fatico* hearing prior to sentencing. The district court found Rivera to be a credible witness at that hearing, highlighting, inter alia, that Rivera "took time to consider questions and responded carefully; he freely acknowledged when he did not recall responsive information; and his testimony was consistent both with other evidence introduced at the sentencing hearing and with his testimony at the Tapia trial." *United States v. Jimenez*, No. 20-311-cr(L), 2022 WL 16631282, at *2 (2d Cir. Nov. 2, 2022) (summary order). A panel of this court affirmed Guillen's sentence, noting the deference given to trial courts in evaluating witness credibility. *Id*.

**II.    Tapia's Pro Se Argument That Erroneous Jury Instructions Warrant Vacatur of His Conviction**

Tapia's assertion that his conviction was based on problematic jury instructions similarly fails.  But first, we note: Tapia's pro se papers are liberally construed as raising the strongest arguments they suggest, *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), and we are limited to reviewing for plain error, where, as here, the defendant did not raise the issue before the district court.  *See* Fed. R. Crim. P. 52(b); *United States v. Greer*, 631 F.3d 608, 612 (2d Cir. 2011).  To show plain error, Tapia must establish that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Melhuish*, 6 F.4th 380, 390 (2d Cir. 2021).

**1. Erroneous Jury Instructions**

Tapia contends that the district court erred in charging the jury by reading from the indictment.  Tapia takes issue with the indictment's framing of the allegations against him, which were described as what Tapia "did" rather than what he was accused of, and he argues that the reading negated the presumption of innocence and prejudiced the jury against him.  "A jury instruction is erroneous if it 'misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.'" *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999) (quoting *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998)).  At the outset, the parties' joint request to charge explicitly provided that the district court would read the indictment before explaining the elements and that the jury would be provided with a copy of the indictment.  Furthermore, before reading the indictment, the district court explained that:

> An indictment is simply an accusation. It is the means by which a criminal case is started. An indictment is not evidence. It is not proof of the defendant's guilt. It creates no presumption and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an indictment has been returned against the defendant.

Trial Transcript, *supra* note 1, at 892. During the reading, the district court noted more than once that it was quoting the indictment. The district court then separately charged the jury on the actual elements of the offense, none of which included the language to which Tapia objects, accompanied by a reminder of the government's burden of proof beyond a reasonable doubt. In the context of the overall charge, the district court adequately informed the jury that the indictment was a mere accusation with no evidentiary weight. *See Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973). While Tapia claims that the reading caused the jury to presume his guilt, he fails to explain how or why the jury would have disregarded the court's clear instructions that the indictment was not evidence. Nor does he explain how reading the indictment, a copy of which was provided to the jury, was "inconsistent with fairness and integrity of judicial proceedings" or otherwise affected Tapia's rights. *Melhuish*, 6 F.4th at 390. Accordingly, Tapia has not established that the district court erred, let alone plainly erred.

### 2. Constructive Amendment

Tapia additionally argues that the jury instructions constructively amended the indictment, thus warranting vacatur of his conviction. To prevail on a constructive amendment claim, a defendant must show that the evidence or jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Dove*, 884 F. 3d 138, 146 (2d Cir. 2018) (quotation marks and emphasis omitted).

7

Count One charged Tapia with participating in a narcotics conspiracy in violation of 21 U.S.C. § 846, which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 846's reference to "any offense defined in this subchapter" includes Section 841(a)(1), and its reference to the "same penalties" prescribed for the offense includes Section 841(b)(1). The indictment alleged that Tapia conspired to violate the substantive offense of Section 841(a)(1), which lays out the relevant prohibited acts, and invoked Section 841(b)(1)(A), which provides the penalties associated with the quantities for which Tapia was charged. In other words, Section 841(a)(1) provides the offense element of the Section 846 conspiracy charged under Count One, and Section 841(b) describes the quantity element and related penalties. Thus, Tapia was given notice of the "core of criminality to be proven at trial" and the jury instructions did not "modify [the] essential elements of the offense charged" such that Tapia was convicted of conduct not disclosed by the indictment. *United States v. D'Amelio*, 683 F.3d 412, 416–17 (2d Cir. 2012); *see also Dove*, 884 F.3d at 146. Rather, Tapia was convicted of the narcotics conspiracy described in the indictment and he fails to establish a plain error occurred.

*          *          *

For the reasons stated above, we find no error in Tapia's sentence and conviction. We have considered all of Tapia's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

8